UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLORD SCHUUR,

    Plaintiff,

v

AKAL SECURITY, INC.,

    Defendant.
_____/

Hon. _____

Case No. 17-_____

**COMPLAINT AND JURY DEMAND**

Michael J. Roth (P51795)
VARNUM LLP
Attorneys for Plaintiffs
Bridgewater Place, PO Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6000
mjroth@varnumlaw.com
_____/

Plaintiff, Gaylord Schuur ("Mr. Schuur"), through his attorneys, Varnum LLP, states the following as his Complaint against Defendant, Akal Security, Inc. ("Defendant"):

**PARTIES, JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. Mr. Schuur filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practice alleged in this complaint.

3. Plaintiff received notification of the right-to-sue letter from the EEOC on or about June 6, 2017 (a copy of which is attached as Exhibit 1) and has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue.

4. Plaintiff is a citizen of the United States and resident of the City of Wyoming, Kent County, Michigan which lies within the geographical boundaries of the United States District Court for the Western District of Michigan.

5. All the discriminatory employment practices alleged in this complaint occurred in Kent County, Michigan.

6. Defendant is a corporation with its office and principal place of business in the City of Santa Cruz, New Mexico.

7. Defendant is a "person" as defined in §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. Defendant meets all of the requirements for employer status under the ADA. 42 U.S.C. §12111(5)(A).

## GENERAL ALLEGATIONS

9. Defendant hired Mr. Schuur on or about September 19, 2005 to serve as a court security officer in the United States District Court for the Western District of Michigan.

10. At that time, Defendant was under contract with the United States Marshals Service to provide court security officers in all federal courts located in Michigan.

11. Prior to Defendant hiring Mr. Schuur, Mr. Schuur disclosed to Defendant that he had a condition known as deep vein thrombosis, that he previously had a blood clot in his lower right leg and that he took a daily anti-coagulant prescription medication known as Coumadin or Warfarin.

12. With full knowledge of Mr. Schuur's condition, Defendant hired Mr. Schuur to serve as a court security officer and from the date of his hire in 2005 through 2011 he worked as a court security officer without the need of any reasonable accommodation. Further, he underwent routine annual physical examinations during this time period at Defendant's request which he passed.

13. In 2012, Defendant requested additional information regarding Mr. Schuur's deep vein thrombosis from his physician which information was timely provided.

14. Defendant accepted the additional medical information provided in 2012 and Mr. Schuur continued discharging the duties of court security officer without the need for reasonable accommodations just as he had done since 2005.

15. On October 15, 2013, despite no change with his deep vein thrombosis condition which remained effectively managed during the entire period of his employment with Defendant and while remaining otherwise able to discharge the duties of court security officer even without reasonable accommodation as he had done since 2005, Defendant removed Mr. Schuur from work, informing him that he was suspended without pay because his medical approval had been deferred pending Defendant's receipt, review and acceptance of additional medical documentation regarding his deep vein thrombosis condition.

16. Mr. Schuur timely provided additional medical information that Defendant requested.

17. Defendant then mistakenly sent a packet of information that included Mr. Schuur's highly sensitive medical information to a court security officer who lived in Mason, Ohio. Once this incident was brought to Mr. Schuur's attention, Mr. Schuur timely provided the

additional information requested in the packet of materials that Defendant mistakenly sent to a different court security officer.

18. At all relevant times, Mr. Schuur was able to perform his job duties, including but not limited to essential job functions in a manner satisfactory to Defendant.

19. Defendant advised Mr. Schuur that he was conditionally cleared to return to work on March 10, 2014 as a court security officer without the need of accommodation.

20. Mr. Schuur returned to work on March 10, 2014 after having been suspended without pay since October 15, 2013.

### COUNT I—VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. Mr. Schuur incorporates all prior allegations by reference.

22. At all relevant times, Ms. Schuur was an individual with a "disability" within the ADA and is a member of a protected class under 42 U.S.C. §12112(a).

23. Mr. Schuur was suspended without pay from his position as a court security officer due to a disability, record of a disability and for being regarded by Defendant as being disabled in violation of 42 U.S.C. §12102(1)(A)-(C), to wit:

    a. Prior to Defendant hiring Mr. Schuur in 2005, Mr. Schuur disclosed to Defendant that he was diagnosed with deep vein thrombosis, had a blood clot in his lower right leg and that he took a daily anti-coagulant prescription medication;

    b. Mr. Schuur worked as a court security officer for Defendant from 2005 through 2011 during which period his medical condition did not change and he passed annual physicals that Defendant requested;

c. In 2012, while still working as a court security officer and with no change in his medical condition, Defendant requested additional information from Mr. Schuur which he provided and Defendant accepted;

d. In 2013, while working as a court security officer, Defendant suspended Mr. Schuur from work without pay for a period beginning on or about October 15, 2013 until March 10, 2014 purportedly because of his prior blood clot and daily ingestion of an anti-coagulant despite the fact that his medical condition had not changed since prior to his hire in 2005.

24. At the time Defendant took the adverse employment action, Mr. Schuur was well-qualified for the position he held even without reasonable accommodations.

25. Defendants have improperly and illegally regarded Mr. Schuur as having an impairment because they have subjected him to an adverse employment action in the form of a multiple month suspension without pay based on his prior diagnosis of deep vein thrombosis and daily use of an anti-coagulant medication without regard to whether such condition and medication actually limited his ability to work or to conduct any of his major life activities and despite the fact that Mr. Schuur experienced no change in his medical condition at or prior to the time that Defendant improperly and illegally suspended him without pay.

26. Mr. Schuur is a qualified individual as defined in the ADA. Further, he can, with or without reasonable accommodation, perform the essential functions of his position as evidenced by the fact that, with no change in medical condition, he discharged his job duties without incident both prior to and after his suspension but was regarded by Defendant as having a disability.

27. By suspending Mr. Schuur without pay despite no change in his medical condition, Defendant took an adverse employment action against Mr. Schuur without legal justification to do so.

28. Defendant's suspension of Mr. Schuur with no change in his medical condition constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment and constitutes a violation of the ADA.

29. Defendants mistakenly believed that Mr. Schuur suffered from a physical impairment that limited one or more major life activities.

30. Additionally, or alternatively, Defendant mistakenly believed that Mr. Schuur's actual, non-limiting deep vein thrombosis condition substantially limited one or more of Mr. Schuur's major life activities and otherwise impaired his ability to discharge his essential job duties.

31. Defendant's mistaken belief was a substantial motivating factor in its decision to suspend Mr. Schuur from his job for months without pay.

32. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

33. As a direct and proximate result of Defendant's discrimination on the basis of disability, Mr. Schuur has suffered lost wages, loss of earning capacity, loss of benefits, loss of employment opportunities, mental and emotion distress, mental anguish, embarrassment, humiliation, damage to reputation, inconvenience, loss of enjoyment of life's pleasures, and other damages permitted by law, including interest, attorney fees and costs and expenses.

34. Mr. Schuur further alleges that Defendant's conduct was intentional or undertaken with malice or reckless indifference to his rights protected by law, and justifies an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Mr. Schuur and against Defendant including compensatory damages, punitive damages, attorney fees, costs and expenses of litigation, interest and such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

VARNUM LLP

Dated: August 22, 2017

By /s/ *Michael J. Roth*
Michael J. Roth (P51795)
Attorneys for Plaintiff

Bridgewater Place, PO Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6000
mjroth@varnumlaw.com

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable in this litigation.

Respectfully submitted,

VARNUM LLP

Dated: August 22, 2017

By /s/ *Michael J. Roth*
Michael J. Roth (P51795)
Attorneys for Plaintiff

Bridgewater Place, PO Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6000
mjroth@varnumlaw.com

12079062_1.doc